BAZEMORE v. BYNUM.

(October 9, 1900.)

*Bond—Breach of Condition—Damages.*

> Where one executes a bond containing a penalty, and it is agreed that the bond be broken and the penalty paid, action is properly brought on the bond to recover the penalty, which is in the nature of liquidated damages.

CIVIL ACTION by J. P. Bazemore, as executor of the estate of Martha A. Lassiter, deceased, on a bond for support against J. R. Bynum, heard at Spring Term, 1900, of BERTIE Superior Court by Judge *H. R. Starbuck.* From judgment of nonsuit, the plaintiff appealed.

*Francis D. Winston,* for plaintiff.
*Robert B. Peebles,* for defendant.

DOUGLAS, J. This is a civil action brought upon the following bond: "Know all men by these presents that I,

Joseph R. Bynum, am held and firmly bound unto Martha A. Lassiter, in the sum of two hundred dollars ($200), to the payment of which I bind myself firmly by these presents. Signed and sealed this, 7th day of November, 1895. The condition of this obligation is such that if the above-bounden Joseph C. Bynum shall, in consideration of a warranty deed made and executed to him, his heirs, forever, on the 7th day of November, 1895, by Mrs. Martha A. Lassiter, truly give said Martha A. Lassiter a home so long as she shall live; further I, Joseph R. Bynum, do further covenant and agree to feed her so long as she shall live; further, the condition of the bond is such that, if Joseph R. Bynum shall comply with the above requirements, then the above obligation to be null and void and of no effect. (Signed) Joseph R. Bynum. (Seal.)" Signed and sealed and delivered in the presence of W. W. Outlaw, J. P., and N. Bunch. The plaintiff also introduced a deed from Martha A. Lassiter to Joseph R. Bynum, dated November, 1895, conveying in fee a tract of land containing 250 acres, and described in the deed, which is of record.

W. W. Outlaw testified: "I wrote the bond referred to for the defendant. He signed it, and gave it to Mrs. Lassiter. At the same time I wrote the deed that has been introduced from her to him, and she signed the deed, and delivered it to Mr. Bynum. I was Justice of the Peace. Both of them were present when the papers were written. Both papers were signed and delivered at the same time. The bond was given in payment of land."

T. F. White testified: "I knew Mrs. Martha A. Lassiter. Had know her 25 years. I attended to her business for her, and collected her rents for her lands. She died August, 1898. I knew the tracts of land. I had a conversation with Mrs. Lassiter and defendant, Bynum, in my store in Aulander

about January 1, 1897. I then had this bond in possession. Mrs. Lassiter stated that she had left Mr. Bynum, and was not living with him then. He admitted that this was true. She claimed that he ought to pay her the amount of the bond, $200. He agreed to pay her that amount. I was called upon to bear witness to that bargain. He was, as part of that bargain, to be relieved from taking care of her in any way, both feeding her and giving her a home. [After making the deed she had gone to the defendant's home, and lived there some months, but had then left.] He at the time paid $50 of the amount to Mrs. Lassiter, which was credited by me on the bond in defendant's presence. Defendant had agreed with Mrs. Lassiter to pay her $50 in cash, and the balance of the $200 in equal annual installments. This was a part of the agreement releasing him from taking care of her, and which I was called on to witness. She made no complaint about him. She complained about his wife in his presence. Mrs. Lassiter first wanted him to pay the $200 down. He wanted time. She consented, and it was agreed that he should pay $50, and have time on balance as before stated. After the $50 had been credited, I gave the bond to Mrs. Lassiter, which she kept. On the back of the bond is this indorsement: '$50 credited on the within bond of fifty dollars. December 31, 1896. Martha A. (her X mark) Lassiter.' "

It is admitted that Martha A. Lassiter is dead, leaving a last will and testament, and that J. P. Bazemore is the executor named in the will, and has duly qualified as such.

This was the evidence for the plaintiff. The defendant moved, under the statute, to nonsuit the plaintiff, which motion was allowed, and the action dismissed. The only reason given for the action of the Court was the simple statement that his Honor was of the opinion that upon his own showing the plaintiff was not entitled to recover. It could not

have been for any deficiency or evidence, for that is ample, as far as it goes.

It was contended before us that there had been no breach of the bond, and that the subsequent agreement between the defendant and Mrs. Lassiter, if binding at all, was a new contract. We can not take this view of the matter. It appears from the evidence—and by this we mean that there is evidence tending to prove such facts that should have been submitted to the jury—that Mrs. Lassiter deeded to the defendant 250 acres of land upon the sole consideration of her support for life, as evidenced by the bond in question. This was the price of the land, and without it the defendant would never have owned the land. The defendant did not give her a home for the remainder of her life, as he was bound to do, and, under existing circumstances, it makes no difference what prevented him from doing so, as he appears to have admitted the breach. In fact, he seems to have willingly accepted her offer to pay her the full penalty of the bond in release of its conditions.

Under all the circumstances of the case, this appears to us to be an agreement to pay and receive a definite sum in the nature of liquidated damages. Suit was therefore properly brought upon the bond, and, as there was certainly more than a scintilla of evidence tending to prove the contentions of the plaintiff, there was error in the dismissal of the action.

New trial.